JOHN A. BOSTON, &c. *v.* R. E. LITTLE, &c.

**Infants—Avoiding Deed—Estoppel.**

Infants who executed a deed of conveyance before they became 21 years of age, are not estopped from avoiding some after they become of age.

APPEAL FROM MADISON CIRCUIT COURT.

November 1, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

It sufficiently appears that both the appellee Mrs. Taylor and her sister Bettie Little were under 21 years of age when they acknowledged the deed to Shackelford; and no grounds of estoppel appear in this record to prevent either the surviving sister or the heirs of the deceased one from avoiding the deed as to them, much less the appellee Robert E. Little, who was not only an infant when the deed was made, but did not even attempt to unite in it. A right of recovery was, therefore, manifested in each of the appellees, both as heirs of Thomas G. Little and of said Bettie Little, but it seems to us that the judgment is radically erroneous in being made to include for each of them one-fifth of the improvements as well as the ground Thomas G. Little himself acquired his title subject to the right of Shackelford to the brick of the burned building, and whatever rights the appellee Robert E. Little might have in some contingency respecting the improvements made by the appellants and Cuzick, he not having attempted to convey, we are satisfied the claim of the appellants for improvements should have been upheld so far as those improvements were constituted by the brick originally purchased by Srackelford, and so far also as the rights of the appellee are enforcible by avoiding the acts of said Bettie Little and Mary Taylor as grantors in the conveyance to Shackelford.

Whether or not the appellants stand in an attitude, with reference to Robert E. Little's claim, respecting the improvements, other than the brick purchased by Shackelford, to entitle them to protection under section 1 of article 1 of chapter 70 of the Revised Statutes, is a question we need not now decide, as it does not appear to so divide the lot as to pay off at least one-fifth part, according to its value remaining only improved as when Shackelford purchased, and subject to his right to the brick, and leaving to the appellants all their valuable and lasting improvements, which should have been done, if practicable, according to a well settled principle of equity independent of the statute referred to.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Caperton, for appellant.*
*Turner, Little, for appellee.*